## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROOR INTERNATIONAL BV and SREAM, INC., | ) ) ) | |
| Plaintiffs, | ) ) | No. 19-cv-05366 |
| v. | ) ) | Judge John F. Kness |
| ESSAM MISHO, | ) ) | |
| Defendant. | ) | |

## ORDER ON DEFAULT JUDGMENT

This matter comes before the Court on Plaintiffs' Motion for Entry of Default Judgment under Rule 55(b) of the Federal Rules of Civil Procedure. After considering the materials and memorandum submitted by movant, the Court hereby finds and orders:

1. The Plaintiffs filed their Complaint on August 8, 2020 and amended it on November 12, 2019 (Dkt. 1 & 11).

2. On February 26, 2020, the Summons and Complaint was served on Essam Misho (Dkt. 20).

3. The Defendant has failed to respond to the Complaint or otherwise appear in this action. As a result, a default was entered under Rule 55(a) of the Federal Rules of Civil Procedure on August 13, 2020 (Dkt. 40).

4. Plaintiff has now moved for entry of a default judgment. In general, although the well-pleaded allegations of a complaint relating to liability are taken as

true upon a default, allegations in a complaint "relating to the amount of damages suffered ordinarily are not." *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1989) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: . . . (B) determine the amount of damages . . . ." Fed. R. Civ. P. 55(b)(2). That said, a judgment by default can be entered without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *DiMucci*, 879 F.2d at 1497. Because, as explained below, this is a case in which statutory damages are available and the reasonable amount of those damages are reasonably ascertainable, the Court finds that a damages hearing is not required. *See id.*

5.      In a case involving the use of a counterfeit mark in connection with the sale, offering for sale, or distribution of goods or services, a plaintiff can elect to recover an award of damages within a statutorily-defined range. 15 U.S.C. § 1117(c). In setting such damages, a court should seek to balance compensation and deterrence. *See*, *e.g.*, Minute Entry, Dkt. 26, *Republic Technologies (NA) LLC v. Smoke Shop for You XX, Inc.*, No. 19-cv-08462 (N.D. Ill. June 4, 2020); *see also Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229-30 (7th Cir. 1991). As the Seventh Circuit has explained, it has "been long recognized that [15 U.S.C. § 1117(c)], despite its remedial nature, is intended, along with the other sections of the Lanham Act, to protect an important public interest"—namely, the public's interest in buying

trademarked products with confidence that they are genuine. *See Sands, Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340, 1347-48 (7th Cir. 1994) (citation omitted). As another judge of this District has explained, relevant considerations in determining an appropriate amount of statutory damages include the nature and price of the product; the volume of sales (or an estimate depending on the size of the offending retail operation); any safety and health risks of the counterfeit goods; and the strength of the mark. *See* Dkt. 26, *Republic Technologies,* No. 19-cv-08462.

6.      Plaintiff's submissions have established that Defendant acted willfully. In particular, the investigator who purchased a counterfeit tobacco pipe from Defendant reported there were several offending RooR pipes being offered at the location. (Dkt. 41, Ex. B.) This evidence of repeated infringing conduct weighs in favor of a finding of willfulness. And, in any event, a court can—as does this Court— presume willfulness where a defendant is in default. *See, e.g., Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 157 (E.D.N.Y. 2010) (collecting cases).

7.      Additionally, as the court in *Republic Technologies* found, "there actually is some health concern with counterfeit products that are designed to convey vapors into the body." *See* Dkt. 26, *Republic Technologies,* No. 19-cv-08462. Although the evidence of health concerns in this case is not overwhelming, the reasoning of *Republic Technologies* supports Plaintiffs' position concerning damages.

8.      The amount sought by Plaintiffs is consistent with other statutory damage awards made by judges in this District. *See id*. (awarding $30,000 in statutory damages); Judgment Order, Dkt. 48, *Roor International BV v. Smoker's*

*Zone*, No. 19-cv-05014 (N.D. Ill. August 5, 2020) ($30,000 in statutory damages); Judgment Order, Dkt. 34, *Roor International BV v. Lakeview Smoke and Vape, Inc.*, No. 19-cv-06489 (N.D. Ill. July 22, 2020) ($30,000 in statutory damages); Minute Entry, Dkt. 18, *Republic Technologies (NA), LLC v. Sam 1, Inc.*, No. 19-cv-07974 (N.D. Ill. May 12, 2020) ($20,000 in statutory damages).

9.      Based on the foregoing, the Court grants Plaintiffs' request and awards $30,000 in statutory damages. In addition to the statutory damages, and for the reasons provided by Plaintiff, the Court awards $498.90 in costs (the filing fee plus the cost of service). The total judgment amount is thus $30,498.90.

10.      A separate order of judgment will be entered along with this Order.

SO ORDERED.

Date: September 1, 2020

_____
JOHN F. KNESS
United States District Judge